**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY          )
AND ETHICS IN WASHINGTON,            )
455 Massachusetts Ave., N.W., Sixth Floor  )
Washington, D.C.  20001              )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Civil Action No.
                                     )
U.S. DEPARTMENT OF JUSTICE,          )
950 Pennsylvania Ave., N.W.          )
Washington, D.C.  20530              )
                                     )
        Defendant.                   )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA") challenging

the failure of the U.S. Department of Justice ("DOJ") to comply with its mandatory, non-

discretionary duty under the FOIA's "reading room provision," 5 U.S.C. § 552(a)(2), to make

available to the plaintiff on an ongoing basis formal written opinions issued by DOJ's Office of

Legal Counsel ("OLC") and indices of such opinions.

2. OLC's core function, as it has acknowledged in an internal memorandum delineating

OLC best practices, is to provide controlling legal interpretations to executive branch officials on

questions of law that are centrally important to the functioning of the federal government.  As

such, these interpretations fit squarely within the categories covered by the FOIA's reading room

provision.  Nevertheless, OLC has refused to produce to the plaintiff its formal written opinions

setting forth controlling legal interpretations and indices it maintains of those opinions.

## JURISDICTION AND VENUE

3. The Court has personal and subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit, non-partisan corporation organized under § 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the actions of government officials, determining for the public what the executive branch considers to be binding law, ensuring the integrity of government officials and their actions, and protecting our democracy from corruption and deceit.

6. To advance its mission, CREW uses a combination of research, litigation, advocacy, and public education to disseminate information to the public about government officials and their actions. As part of its research, CREW uses government records agencies make publicly available for inspection and copying.

7. CREW repeatedly and unsuccessfully has sought access to OLC opinions through individual FOIA requests for specific categories of OLC opinions and broader requests for all formal written opinions and indices of those opinions.

8. The refusal of DOJ and OLC to comply with their statutory obligations to provide CREW with OLC formal written opinions and an index of such opinions on an ongoing basis has harmed, and continues to harm, CREW in carrying out its core programmatic activities. CREW has suffered an informational injury by being deprived of information to which it is lawfully entitled.

2

9. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 551. DOJ and its

component OLC have possession and control of formal written opinions issued by OLC and

indices of those opinions and are responsible for making those records available to CREW.

## BACKGROUND

### *Statutory Background*

10. Section 552(a)(2) of Title 5, enacted in 1946, is known as the "reading room"

requirement of the FOIA. It imposes a number of independent, affirmative obligations on all

executive branch agencies, including the obligation to "make available for public inspection and

copying" designated categories of records. Those categories include, *inter alia*,

> (A) final opinions, including concurring and dissenting opinions,
> as well as orders, made in the adjudication of cases;
>
> (B) those statements of policy and interpretations which have
> been adopted by the agency and are not published in the
> Federal Register[.]

5 U.S.C. §§ 552(a)(2)(A) and (B).

11. Section 552(a)(2)(E) of the FOIA imposes on agencies an additional requirement to

make publicly available:

> current indexes providing identifying information for the
> public as to any matter issued, adopted, or promulgated
> after July 4, 1967, and requested by this paragraph [which
> includes the reading room requirements] to be made
> available or published.

12. As recently confirmed by the D.C. Circuit in *CREW v. Dep't of Justice*, 2017 U.S.

App. LEXIS 1690 (D.C. Cir. Jan. 31, 2017), the FOIA's remedial provision, 5 U.S.C. §

552(a)(4)(B), which empowers courts "to enjoin the agency from withholding agency records

and to order the production of any agency records improperly withheld from the complainant,"

governs actions like this one brought to enforce the FOIA's reading room provision. A plaintiff

3

may sue under the FOIA to enforce its reading room requirements without first requesting specific records under § 552(a)(3) of the FOIA. *Id.*

### Office of Legal Counsel

13. OLC has for decades "'been the most significant centralized source of legal advice within the Executive Branch.'" *CREW v. Dep't of Justice, supra,* at *1-2 (quoting Trevor W. Morrison, *Stare Decisis in the Office of Legal Counsel,* 110 Colum. L. Rev. 1448, 1451 (2010)). OLC's authority to render its definitive legal views dates back to the Judiciary Act of 1789, which charged the attorney general with, *inter alia,*

> giv[ing] his advice and opinion upon questions of law when
> required by the President of the United States, or when
> requested by the heads of any of the departments, touching
> any matters that may concern their departments.

Judiciary Act of 1789, ch. 20, § 35, 1 Stat. 73, 93.

14. In its current form the Judiciary Act directs the attorney general to render opinions when requested by heads of executive departments "on questions of law arising in the administration of his department." 28 U.S.C. § 512. Pursuant to 28 U.S.C. § 510, the attorney general has delegated this responsibility to OLC.

15. By executive order the president has directed agency heads to submit inter-agency disputes to the attorney general "[w]henever two or more Executive agencies are unable to resolve a legal dispute between them[.]" Exec. Order No. 12,146, § 1-501, 3 C.F.R. § 409 (1979), reprinted as amended in 28 U.S.C. § 509 (1988).

16. Over the years various DOJ components have exercised this authority. In 1933, the Independent Offices Appropriations Act, Pub. L. No. 73-78, § 16(a), 48 Stat. 283, 307 (June 16, 1933), created within DOJ a new office of the assistant solicitor general to which was delegated the responsibility of drafting legal opinions and providing legal advice to other executive branch

4

agencies. The Reorganization Plan No. 2 of 1950, 64 Stat. 1261, abolished this office and replaced it with the Executive Adjudications Division. In 1953, the attorney general renamed this office as the Office of Legal Counsel. Att'y Gen. Order No. 9-53 (Apr. 3, 1953).

17. Current DOJ regulations define OLC's functions as including the preparation of "the formal opinions of the Attorney General," 28 C.F.R. § 0.25(a), and "[r]endering opinions to the Attorney General and to the heads of the various organizational units of the Department on questions of law arising in the administration of the Department." *Id.*, at § 0.25(c).

18. OLC also has described its "core function" as "provid[ing] controlling advice to Executive Branch officials on questions of law that are centrally important to the functioning of the Federal Government." Memorandum from then-Acting Assistant Attorney General David J. Barron to OLC Attorneys, "Best Practices for OLC Legal Advice and written Opinions," July 16, 2010 ("Best Practices Memo"). Further, the opinions OLC renders in furtherance of this core function "may effectively be the final word on controlling law." *Id.*

19. DOJ's own website confirms OLC's role as providing "authoritative advice to the President and all the Executive Branch agencies." https://www.justice.gov/olc. Former OLC head Karl R. Thompson publicly characterized OLC's advice – both written and oral – as "authoritative" and "binding by custom and practice in the executive branch. It's the official view of the office. People are supposed to and do follow it."

20. Similarly, records schedules DOJ submits to the National Archives and Records Administration describe OLC's controlling legal advice as including, *inter alia*, "formal legal opinions" OLC issues to the president, federal agencies and executive departments, and heads of DOJ components.

21. Over the years, executive branch officials have sought "OLC's opinion on some of the weightiest matters in our public life: from the president's authority to direct the use of military force without congressional approval, to the standards governing military interrogation of 'alien unlawful combatants,' to the president's power to institute a blockade of Cuba." *CREW v. Dep't of Justice*, 2017 U.S. App. LEXIS 1690, at *2 (citations omitted). The opinions OLC issues have profound effects on members of the public by determining the lawfulness of a range of conduct. Moreover, they confer the functional equivalent of immunity from criminal prosecution as DOJ generally does not prosecute individuals who acted in reliance on OLC opinions, even if their actions are later believed or determined to be illegal.

22. On February 3, 2017, following the January 31, 2017 opinion of the D.C. Circuit in *CREW v. Dep't of Justice*, Anne Weismann, chief FOIA counsel for plaintiff CREW, sent a letter to Acting Assistant Attorney General Curtis E. Gannon. Her letter renewed CREW's request of July 3, 2013, for all OLC formal written opinions and indices of those opinions.

23. To date, OLC has not responded to this request.

24. OLC's ongoing refusal to comply with its non-discretionary obligations under 5 U.S.C. § 552(a) has deprived the public and CREW of valuable information and resulted in the creation of a body of authoritative controlling secret law.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT ONE

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Section 552(a)(2) of Title 5 requires all agencies, including DOJ and its component OLC, to make publicly available on an ongoing basis all final opinions made in the adjudication

of cases and statements of policy and interpretations that have been adopted by the agency and not published in the Federal Register.

27. OLC's formal written opinions, described in the Best Practice Memo, fall within the categories of records that 5 U.S.C. § 552(a)(2) requires be made publicly and prospectively available without the need to file a specific request under § 552(a)(3).

28. Notwithstanding the clear, non-discretionary mandate set forth in 5 U.S.C. § 552(a)(2), which requires DOJ to act regardless of whether there has been a request for specific OLC formal written opinions, DOJ has for years refused to make the full complement of its formal written opinions available to either CREW or the public.

29. As a result, CREW and the public have been deprived of information to which the FOIA guarantees them a right of access. This has led to the creation of secret law within OLC and DOJ, the precise danger Congress sought to avoid through the enactment of 5 U.S.C. § 552(a)(2).

30. Plaintiff therefore is entitled to relief in the form of a declaratory judgment that defendant has failed to comply with the ongoing disclosure obligations of 5 U.S.C. § 552(a)(2).

31. Plaintiff also is entitled to an injunction directing DOJ and its component, OLC, to comply with the disclosure obligations mandated by 5 U.S.C. § 552(a)(2) by making available to CREW on an ongoing basis, and without any further requests, all formal written opinions OLC has created and will create in the future.

## COUNT TWO

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

33.  Section 552(a)(2)(E) of Title 5 imposes on agencies, including DOJ and its component, OLC, the additional requirement to make publicly available current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and requested by this paragraph, which includes the reading room requirements, to be made available on an ongoing basis or published.

34.  Notwithstanding the clear, non-discretionary mandate set forth in 5 U.S.C. § 552(a)(2)(E), which requires DOJ to act regardless of whether there has been a specific request for an index, DOJ has failed for years to make available for public inspection and copying or to individual requesters indices of all of its formal written opinions.

35.  As a result, CREW and the public have been deprived of information to which the FOIA guarantees them a right to access.  This has deprived CREW and the public of information that would facilitate requests for OLC opinions of particular interest.

36.  Plaintiff therefore is entitled to relief in the form of a declaratory judgment that defendant has failed to comply with the indexing and disclosure obligations of 5 U.S.C. § 552(a)(2)(E).

37.  Plaintiff also is entitled to an injunction directing DOJ and its component, OLC, to comply with 5 U.S.C. § 552(a)(2)(E) by making available to plaintiff on an ongoing basis all past and future indices of all formal written opinions.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

(1) Declare that defendant has failed to comply with the disclosure obligations of 5
U.S.C. § 552(a)(2) by refusing to make available for public inspection and copying formal
written opinions issued by OLC;

(2) Order defendant to make available to CREW for public inspection and copying on an
ongoing basis all existing and future OLC formal written opinions;

(3) Declare that defendant has failed to comply with the disclosure obligations of 5
U.S.C. § 552(a)(2) by refusing to make available for public inspection and copying indices of
formal written opinions issued by OLC;

(4) Order defendant to make available to CREW for public inspection and copying on an
ongoing basis all existing and future indices of OLC formal written opinions;

(5) Grant plaintiff its attorneys' fees and costs; and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Stuart C. McPhail
D.C. Bar No. 1032529
Citizens for Responsibility and
 Ethics in Washington
455 Massachusetts Avenue, N.W.
6th Floor
Washington, D.C.  20001
aweismann@citizensforethics.org
(202) 408-5565 (telephone)
(202) 588-5020 (facsimile)

Alan B. Morrison
(D.C. Bar No. 073114)

9

2020 H Street, N.W.
Washington, D.C.  20052
(202) 994-7120 (telephone)

Dated:  March 10, 2017

Counsel for Plaintiff