UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:17-cv-00432-TNM |

## MEMORANDUM OPINION

In this suit, the Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") seeks a court order requiring the publication of "all existing and future . . . formal written opinions" issued by the Office of Legal Counsel ("OLC"), Compl. 8-9, a component of the U.S. Department of Justice that provides "the opinion of the Attorney General on questions of law" arising within the executive branch. 28 U.S.C. § 512. CREW contends that these documents are subject to the Freedom of Information Act's "reading room" provision, which requires that specific categories of records be affirmatively made "available for public inspection in an electronic format." 5 U.S.C. § 552(a)(2). But this claim fails as a matter of law, since at least some of the documents sought are subject to FOIA Exemption 5, which protects both the deliberative process privilege and the attorney-client privilege. *Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 4 (D.C. Cir. 2014) ("*EFF*"). This well-settled law presents an obvious and insurmountable barrier to ordering the universal publication of OLC's formal written opinions. Accordingly, I will dismiss CREW's complaint for failure to state a claim upon which relief can be granted.

1

## I. Background

In 2013, CREW requested the same relief under the auspices of the Administrative Procedure Act (APA), but the District Court dismissed the claim for lack of jurisdiction, and the D.C. Circuit affirmed. *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 164 F. Supp. 3d 145, 147 (D.D.C. 2016) ("*CREW I*"); *Citizens for Responsibility & Ethics in Washington v. United States Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017) ("*CREW II*"). Both decisions concluded that "Plaintiff . . . filed its suit under the wrong statute," *CREW I*, 164 F. Supp. 3d at 147, because the APA provides jurisdiction only when "there is no other adequate remedy in a court," 5 U.S.C. § 704, and "precedent establishes that a plaintiff in CREW's position may bring a FOIA claim to enforce the reading-room provision." *CREW II*, 846 F.3d at 1245.

CREW filed the instant suit in 2017, this time under FOIA.[1] The complaint contends that the DOJ has a "mandatory, non-discretionary duty" under 5 U.S.C. § 552(a)(2) "to make available to the plaintiff on an ongoing basis formal written opinions issued by the DOJ's Office of Legal Counsel . . . and indices of such opinions." Compl. ¶ 1. CREW alleges that it has "repeatedly and unsuccessfully sought access to OLC opinions through individual FOIA requests

---

[1] While the appeal of *CREW I* was pending, the plaintiff's attorney in that case (Ms. Anne Weismann) filed a substantially similar suit under FOIA, on behalf of the Campaign for Accountability. *Campaign for Accountability v. U.S. Dep't of Justice*, 2017 WL 4480828 at *5 (D.D.C. 2017). The District Court dismissed that claim in a thorough opinion, presaging the logic of this one. *Id.* at *2 ("CfA has not identified an ascertainable set of OLC opinions that OLC has withheld from the public and that is also plausibly subject to the FOIA's reading-room requirement"). An amended complaint is currently pending in that case, alleging that five specific categories of OLC's opinions must be disclosed under FOIA's reading room provision. Am. Compl., Campaign for Accountability v. U.S. Dep't of Justice, No. 16-cv-1068 (D.D.C. Oct. 27, 2017), ECF. No. 22. Pursuant to briefing submitted by the parties in this case, and after considering Local Civil Rule 40.5, I conclude that interests of judicial economy currently weigh in favor of keeping these cases separate, given the different claims at issue and the fully-briefed status of the instant motion to dismiss.

for specific categories of OLC opinions and broader requests," including a request on February 3, 2017 "for all OLC formal written opinions and indices of those opinions." *Id.* ¶¶ 7, 22. In addition, the complaint provides an overview of OLC's function and history, alleging that the Government has itself described OLC opinions as "controlling advice," "authoritative," and "binding by custom and practice in the executive branch." *Id.* ¶¶ 13-21 (quoting, *inter alia*, Memorandum from David J. Barron, Acting Assistant Attorney General, to Attorneys of the Office, Best Practices for OLC Legal Advice and Written Opinions, (July 16, 2010) *available at* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions (last accessed February 22, 2018) ("Best Practices Memo"). As Count I, the complaint contends that "OLC's formal written opinions, described in the Best Practices Memo," are subject to mandatory publication under 5 U.S.C. § 552(a)(2). Compl. ¶ 27. As Count II, the complaint claims that indexes of these opinions must also be made available under 5 U.S.C. § 552(a)(2)(E). *Id.* at ¶¶ 33-34.

As relief, CREW seeks a declaration that the DOJ has violated FOIA, orders requiring the DOJ to "make available to CREW for public inspection and copying on an ongoing basis all existing and future OLC formal written opinions" and indices thereof, and an award of attorneys' fees and costs. Compl. 8-9. The Government filed a motion to dismiss, contending that the complaint's request for all of OLC's formal, written opinions failed to state a claim under Fed. R. Civ. P. 12(b)(6), and that to the extent CREW "seeks to advance a different claim" for a sub-category of those opinions, that claim was "neither ripe nor adequately plead." Mem. In Support of Mot. Dismiss 8 (hereinafter "Mot. Dismiss").

## II. Legal Standards

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration omitted) (quoting *Iqbal*, 556 U.S. at 678). A court must "draw all reasonable inferences from those allegations in the plaintiff's favor," but will not "assume the truth of legal conclusions." *Id.*[2]

## III. Analysis

CREW invokes FOIA's "reading room" provision, which provides as follows:

> Each agency . . . shall make available for public inspection in an electronic format—
> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register . . . and
> (E) . . . current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph [subsection (a), paragraph (2)] to be made available or published. . . .

5 U.S.C. § 552(a)(2). By its terms, the entire Act—including the reading room provision—"does not apply" to nine specific exemption categories. 5 U.S.C. § 552(b)(1)-(9); *NLRB v. Sears,*

---

[2] Because I conclude that Rule 12(b)(6) requires dismissal, I will not address the standards applicable to a Rule 12(b)(1) motion.

4

*Roebuck & Co.*, 421 U.S. 132, 147–48 (1975) ("if the memoranda . . . fall within one of the Act's exempt categories, our inquiry is at an end, for the Act 'does not apply' to such documents.").

CREW's suit is premised on a universal claim: "all existing and future OLC formal written opinions" and indices thereof are subject to mandatory disclosure under 5 U.S.C. § 552(a)(2)). Compl. 8-9; *id.* ¶¶ 1, 27-28, 34.[3] Accordingly, if the DOJ can identify any formal written opinions that are *not* subject to FOIA disclosure, CREW's universal claim fails, and the suit cannot survive the motion to dismiss. However, the D.C. Circuit has already made it clear that even when a formal, written OLC opinion is "controlling (insofar as agencies customarily follow OLC advice that they request)" and "precedential," that opinion can *still* be exempt from disclosure. *EFF*, 739 F.3d at 9; *see also Campaign for Accountability*, 2017 WL 4480828 at *15 (D.D.C. 2017). This decision squarely forecloses CREW's all-inclusive claim.

In *EFF*, the D.C. Circuit confronted a FOIA request for a formal, written OLC opinion regarding certain FBI investigative techniques. *EFF*, 739 F.3d at 5.[4] The District Court had found that the entire OLC opinion was "covered by the 'deliberative process privilege' in FOIA

---

[3] The complaint identifies no sub-categories for individual resolution; the request is for all or nothing. *Id.* Although CREW's Opposition memorandum suggests that "OLC insists *all* its opinions are privileged," Opp. 3 (emphasis in original), it is CREW—not the Government—that has made the sweeping claim regarding the body of OLC's work. In short, CREW appears to misread the Government's Motion to Dismiss and its own Complaint, rendering most of its counter-arguments irrelevant. *See, e.g.* Opp. 22 ("the government has provided the Court with no facts supporting its central premise that OLC has an attorney-client relationship with all agencies in all situations in which they seek OLC's advice."). It is CREW, not the Government, which must defend a claim regarding "all" of OLC's formal, written opinions. Compl. 9.

[4] There is every indication that the OLC opinion was both formal and written. *Id.* at 9 (describing the OLC opinion as "controlling" and "precedential," and thus "bear[ing] these indicia of a binding legal decision."). Although CREW points out that "[a]t no point did [*EFF*] reference the category of formal, written opinions addressed in OLC's Best Practices Memo," Opp. 14, that memo states that "formal written opinions . . . take the form of signed memoranda, issued to an Executive Branch official who has requested the Office's position." Best Practices Memo 2. That appears to be exactly the type of document discussed in *EFF*.

Exemption 5, which covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *EFF*, 739 F.3d at 3 (internal quotation marks and citations omitted). The D.C. Circuit affirmed on the same basis. *Id.* at 4. Although the deliberative process privilege "calls for disclosure of all opinions and interpretations which embody the agency's effective law and policy, and the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be," *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975) (articulating the "working law" doctrine), *EFF* rejected any claim that the OLC opinion constituted the FBI's effective or working law. *EFF*, 739 F.3d at 8-9. "Because OLC cannot speak authoritatively on the FBI's policy," the D.C. Circuit concluded that the OLC's opinion constituted mere legal advice, thus fitting squarely within the deliberative process exemption. *Id.* at 9. In short, "OLC is not authorized to make decisions about the FBI's investigative policy, so the OLC Opinion cannot be an authoritative statement of the agency's policy." *Id.* This holding dooms CREW's complaint as currently articulated, because it establishes that at least one of OLC's formal written opinions—the opinion in *EFF*—is exempt from FOIA disclosure pursuant to Exemption 5. Even more broadly, the opinion suggests that many of OLC's formal written opinions would be subject to the same deliberative process privilege. *Id.* at 10 (explaining that the privilege can only be waived if an agency adopts the OLC's reasoning as its own).

Even if the deliberative process privilege did not apply, the attorney-client privilege would also preclude CREW's carte blanche access to OLC's formal written opinions. FOIA Exemption 5, which allows the Government to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in

litigation with the agency," 5 U.S.C. § 552(b)(5), also protects documents subject to attorney-client privilege. *EFF*, 739 F.3d at 4; *New York Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 684 n. 1 (2d Cir. 2015). Attorney-client privilege applies equally to "confidential communications between Government officials and Government attorneys," just as it does outside the government context. *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011). Accordingly, several courts have held that OLC opinions are protected by attorney-client privilege, since they embody confidential legal advice given by OLC to other components of the Executive Branch. *Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 196 (D.D.C. 2013); *Am. Civil Liberties Union v. Dep't of Justice*, 2011 WL 10657342 at *9 (D.D.C. Feb. 14, 2011), *Citizens for Responsibility & Ethics in Washington v. Nat'l Archives & Records Admin.*, 583 F. Supp. 2d 146, 165 (D.D.C. 2008). Given OLC's role as "the most significant centralized source of legal advice within the Executive Branch," *CREW II*, 846 F.3d at 1238 (quoting Trevor W. Morrison, *Stare Decisis in the Office of Legal Counsel*, 110 Colum. L. Rev. 1448, 1451 (2010)), I cannot reasonably infer that none of OLC's formal written opinions are protected by attorney-client privilege.

If CREW amends its complaint to allege that some specific subset of OLC's formal, written opinions are being unlawfully withheld, it could theoretically allege in adequate detail that certain OLC opinions are "final opinions . . . made in the adjudication of cases" or are "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register." *See* 5 U.S.C. § 552(a)(2)(A)-(B); *see also Campaign for Accountability*, 2017 WL 4480828 at *33 ("in order to state a claim that OLC is violating the FOIA, CfA's complaint needs to identify an ascertainable set of OLC opinions *that plausibly constitute the law or policy* of the agency to which the opinion is addressed") (emphasis in

original). If that day ever comes, CREW may be entitled to those opinions, as well as an index thereof. *See* 5 U.S.C. § 552(a)(2)(E). But since both the deliberative process privilege and the attorney-client privilege preclude CREW's requested relief under FOIA Exemption 5, I see no need to rule on other potential counter-arguments, including the statutory contention that OLC opinions are not subject to the terms of 5 U.S.C. § 552(a)(2), Mot. Dismiss 13-17, the potential applicability of FOIA's other eight exemptions, *see* 5 U.S.C. S 552(b)(1)-(9), and constitutional concerns that requiring OLC to publish its formal, written opinions would undermine the President's ability to "take Care that the Laws be faithfully executed," U.S. Const. art. II, § 3, and "require the Opinion, in writing, of the principal Officer in each of the executive Departments," *id.* art. II, §2, cl. 1. Mot. Dismiss 24-27. The complaint, as currently drafted, fails to state a claim upon which relief can be granted.

Implicitly conceding that only some of OLC's formal written opinions are subject to disclosure, CREW seeks discovery to provide "a full record to evaluate the scope of DOJ's obligations under § 552(a)(2)," Opp. 10, arguing that "the important legal issues this suit raises cannot be resolved until CREW has obtained limited discovery." Opp. 3. But the possibility that *some* formal written OLC opinions are subject to disclosure cannot rescue a complaint that by its own terms seeks *all* such opinions. To avoid dismissal under Rule 12(b)(6), CREW must file a complaint—not proposed discovery—stating a plausible claim to relief. *Iqbal*, 556 U.S. at 678; *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice."). Accordingly, CREW's request for limited discovery will be denied.

## IV. Conclusion

Because CREW has failed to state a claim upon which relief can be granted, I will grant the Government's motion to dismiss and deny CREW's request for limited discovery. In the order that follows, CREW will be given leave to file an amended complaint, if it so desires.

Dated: February 28, 2018

TREVOR N. MCFADDEN
United States District Judge